# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IKRAMZHAN AKRAMOVICH AMAMBAEV,<br><br>            Petitioner,<br><br>   v.<br><br>ERNESTO SANTACRUZ, et al.,<br><br>            Respondents. | Case No. 5:26-cv-04507-MBK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Ikramzhan Akramovich Amambaev, a native and citizen of Russia, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. In this habeas action, Petitioner argues that his re-detention by immigration authorities and on-going confinement violate due process. Respondents filed an Answer in which they state they "are not presenting an opposition argument." Dkt. 9 at 2. In light of Respondents' non-opposition, the Court finds that Petitioner's sudden re-detention—without any materially changed circumstances or a meaningful pre-deprivation process—violates due process. Accordingly, the Court grants

the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release and preventing his re-detention absent pre-deprivation notice and a hearing where the Government must show material changed circumstances justifying Petitioner's detention.

## I.      FACTS AND PROCEDURAL HISTORY

Petitioner Ikramzhan Akramovich Amambaev is a 23-year-old native and citizen of Russia. Dkt. 1 at 8. On or about October 7, 2022, Petitioner entered the United States at the San Ysidro Port of Entry with his parents and siblings. *Id.* Immigration authorities processed, inspected, and released Petitioner. *Id.* After his release, Petition and his family applied for asylum, withholding of removal, and protection through the Convention Against Torture. *Id.* at 1, 8.

Since his release, Petitioner has remained continuously in the United States, complied with all reporting and Immigration Court requirements, and has no criminal history. *Id.* at 8. Petitioner has moderate atopic bronchial asthma, for which he has been prescribed an inhaled medication to mitigate the condition and prevent asthma attacks. *Id.* Petitioner also suffers from "severe and recurrent" leg cramps, which cause him "considerable pain," and are "aggravated by prolonged standing, confinement, and inactivity." *Id.*

On August 3, 2026, the Immigration Court issued a decision adverse to Petitioner and his family. *Id.* Petitioner appealed the decision on August 4, 2026, and it remains pending before the Board of Immigration Appeals ("BIA"). *Id.* Following the Immigration Court's decision, Petitioner was instructed to report to ICE for a scheduled check-in appointment. *Id.* at 9. When he appeared as directed, ICE officers took him into custody. *Id.* At no point prior to or after the detention did ICE provide Petitioner notice that he

would be detained or an opportunity to contest his detention. *Id.* The officers denied Petitioner's request to contact his family or coordinate to acquire his medication. *Id.* at 1, 9. Petitioner was transported to Adelanto Detention Facility, where he remains detained. During his time in custody, Petitioner has not been afforded a bond hearing or any other meaningful opportunity to argue that he should not be detained. *Id.*

Petitioner filed the instant habeas petition on August 10, 2026. Dkt. 1. Petitioner alleges that his re-detention violates procedural and substantive due process. *Id.* at 9-11. Petitioner requests that the Court order his immediate release. *Id.* at 11. On the same date, Petitioner filed an ex parte application for a Temporary Restraining Order ("TRO"). Dkt. 3. On August 11, 2026, the Court ordered Respondents to file a response to the TRO on or before August 13, 2026. Dkt. 7. On the same date, the Court issued the Notice of General Order 26-05 and Briefing Schedule. Dkt. 5.

On August 12, 2026, Respondents filed an Answer in which they state that they "are not presenting an opposition argument." Dkt. 9 at 2. Respondents further state: "Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." *Id.*

## II.    DISCUSSION

Petitioner Ikramzhan Akramovich Amambaev argues, *inter alia*, that he is entitled to immediate release from custody because his re-detention without notice or a hearing violates due process. Respondents do not oppose Petitioner's claims. This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their

3

re-detention without a hearing or a material change in circumstances violated due process. *See, e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Based on Respondents' non-opposition and for the reasons stated in those decisions, the Court finds that Petitioner is entitled to release based on his due process claims.

### III.   CONCLUSION

For the foregoing reasons, the Court ORDERS that (1) Judgment be entered GRANTING the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Ikramzhan Akramovich Amambaev's (A# 246-067-959) immediate release and enjoining Respondents from re-detaining him without first providing notice and a hearing where the Government must show material changed circumstances justifying Petitioner's detention; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: August 13, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

4